PROB 12C
(7/93)

# United States District Court
## for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Maatua Manogiamanu                Case Number: A96-079-1 CR (HRH)

Sentencing Judicial Officer:        H. Russel Holland, Senior U.S. District Court Judge

Date of Original Sentence:          February 6, 1997

Original Offense:                   Possession With Intent to Distribute a Controlled Substance
                                    Possession With Intent to Distribute a Controlled Substance

Original Sentence:                  108 months jail, 5 years supervised release

Date Supervision Commenced:         On or about January 27, 2005

Asst. U.S. Attorney: Stephan Collins             Defense Attorney: John Salemi

---

PETITIONING THE COURT                       **RECEIVED**

[X]   To issue a warrant                    APR 14 2006
[ ]   To issue a summons
                                            CHAMBERS, U.S. DISTRICT JUDGE
                                            H. RUSSEL HOLLAND

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the defendant has not submitted a monthly report since he was able in September, 2005. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about September 20, 2005, the defendant moved from his assisted living residence and failed to notify his probation officer of his new physical address. This violation is a Grade C violation. |
| 3 | The defendant has violated the Standard Condition of Supervision 11, "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer," in that on September 23, 2005, the defendant was pulled over by APD and was issued a traffic citation. The defendant failed to notify his probation officer of that police contact. This violation is a Grade C violation. |

*Petition for Warrant or Summons*
*Name of Offender      :   Maatua Manogiamanu*
*Case Number           :   A96-079-1 CR (HRH)*

| | |
|---|---|
| 4 | The defendant has violated the Standard Condition of Supervision 11, "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer," in that on February 28, 2006, the defendant was pulled over by APD and was issued a traffic citation. The defendant failed to notify his probation officer of that police contact. This violation is a Grade C violation. |
| 5 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that the defendant obtained an alcohol/drug assessment on April 21, 2005, at SACC, due to two positive drug tests. That assessment recommended an Intensive Outpatient Treatment Program, in which the defendant has never enrolled. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Travis Lyons
U.S. Probation/Pretrial Services Officer
Date: April 14, 2006

Approved by:

Eric D. Odegard
Supervising U.S. Probation Officer

-2-

Case 3:96-cr-00079-HRH-JDR    Document 87    Filed 04/18/2006    Page 3 of 5

*Petition for Warrant or Summons*
*Name of Offender        :    Maatua Manogiamanu*
*Case Number            :    A96-079-1 CR (HRH)*

THE COURT ORDERS

 *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:



H. Russel Holland
Senior U.S. District Court Judge

4/17/06
Date

---

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
### for the
## DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case Number: A96-079-1 CR (HRH) |
| vs. | DECLARATION IN SUPPORT OF PETITION |
| Maatua Manogiamanu | |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Maatua Manogiamanu, and in that capacity declare as follows:

On February 6, 1997, the defendant was convicted of two counts of Possession With Intent to Distribute a Controlled Substance, and sentenced to 108 months jail with five years supervised release. The defendant was released from custody on or about January 27, 2005.

On May 5, 2005, the defendant was involved in a motorcycle accident that required several months in the hospital and a personal care facility. The defendant was discharged from the care facility approximately September 20, 2005.

Since his discharge from the facility, the defendant has failed to have any contact with this office. He has not turned in any monthly reports, not informed of his physical address, phone numbers, etc. The defendant's whereabouts are currently unknown.

In addition, the defendant obtained an alcohol/drug assessment on April 21, 2005, at SACC, due to two positive drug tests. That assessment recommended an Intensive Outpatient Treatment Program, in which the defendant has never enrolled.

The defendant also had law-enforcement contacts on September 23, 2005, and February 28, 2006. The defendant failed to report those contacts.

Executed this 13th day of April, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Travis Lyons
U.S. Probation Officer
District of Alaska